UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER OF DETENTION PENDING TRIAL** |
| v. | Case Number: 07-20342-01 |
| WILLIE MITCHELL | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)  There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2)  The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)  There is a serious risk that the Defendant will not appear.

(2)  There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. The Court agrees with this position, as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. The Court must now consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (2), the offense charged involves narcotic drugs and weapons. From the grand jury having returned an Indictment, there is a definite weight of evidence supporting the charges against the Defendant.

As to § 3142(g)(3), I find that the Defendant is currently 38 years of age and has seven children: four reside in California and three reside in Saginaw. The Defendant does not provide support for any of his children. Prior to the Defendant's arrest, he lived in Arizona for 18 months. Between 1998 and 2002, the Defendant lived in Saginaw. The Defendant conceded to Pretrial Services that he had been abusing marijuana since he was 20, and had used Ecstasy for the past year.

In October 1989, the Defendant was convicted of Driving With Suspended License in California and was ordered to pay fines and costs. Three months later, in January 1990, the Defendant was convicted in California of Defrauding an Innkeeper. He was sentenced to a brief period of incarceration and 12 months probation. Three months later, while on that probation, the Defendant was convicted in California of Inflicting Corporal Injury On Spouse or Cohabitant. He was sentenced to 36 months probation, fines and costs. Two months later, while still on probation, the Defendant was convicted of gambling in California. He was sentenced to 12 months probation and a brief period of incarceration. Three months later, in August of 1990, while still on probation from the previous charges, the Defendant was convicted of Providing False Identification to a Police Officer. He was sentenced to further

2

probation.  While still on probation, the Defendant pled guilty in January of 1992 to Possession and Use of Marijuana in Arizona.  Four months later, the Defendant was convicted in California on a charge of Carrying a Concealed Weapon.  He was sentenced to a brief period of incarceration and 24 months probation.  In February 1996 the Defendant was convicted of battery and sentenced to pay fines and costs as well as serve 24 months probation.

In September 2005, police officers executed a search warrant for a dwelling occupied by the Defendant and others.  A loaded firearm and identification in the Defendant's name was found in the dwelling.  During the search, the Defendant was apprehended, placed in handcuffs and put in a police vehicle.  In spite of being handcuffed, the Defendant escaped from the police vehicle.

Counsel for Defendant vigorously contests the evidence linking the Defendant to this search, and points out that the Defendant has never been convicted of a felony.  Counsel for the Defendant also points to the residence of three of his children and real estate records linking the Defendant to this area as evidence favoring his ability to appear for future court hearings.  Whether or not the Defendant was in fact the person apprehended during the September 2005 search, the Defendant's consistent criminal history, his repeated failures to abide by the most fundamental conditions of probation, his convictions for assaultive crimes, and his use of false identification, leaves the Court no choice but to find that the presumption in favor of detention has not been rebutted.  This finding is reinforced by the rulings of at least six courts of appeal which have held that the continued use and sale of controlled substances constitutes danger to the community.    *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d 846 (8th Cir. 1986).

Furthermore, even if the presumption had been rebutted, I am unable to craft any condition or combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance as required. Accordingly, the government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Dated: August 3, 2007 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Rod O'Farrell, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: August 3, 2007          By     s/Jean L. Broucek
                              Case Manager to Magistrate Judge Binder